In the Matter of the Application of MARY ELIZABETH JACKSON, an Infant, for Leave to Sell her Real Estate.

*Sale of infant's real estate — mistake as to extent of interest — remedy of purchaser.*

Upon an application by an infant for leave to sell real estate, it was stated in the petition that she was entitled to an undivided one-half part of the land, subject to the dower of her mother, and the referee so found and reported. In pursuance of an order of the court all the right, title and interest of the infant were sold. After the sale, and while the fund was still in court, the purchaser applied to have a portion of the purchase-money refunded to him, on the ground that it appeared that the infant was only entitled to an undivided one-third of the land. *Held*, that the application should be granted; that the statements contained in the petition and report, were representations upon which the purchaser was entitled to rely, and when they were shown to be erroneous, a court of equity would interpose, for the reason that the contract was entered into through a mutual mistake of fact.

Appeal by Henry S. Hewson from an order denying his application for compensation, for a partial failure of title to the land purchased by him in these proceedings. The order appealed from was made on the report of a referee to whom it was referred to take proof of the facts.

*S. V. R. Cooper*, for the appellant.

*John Townshend*, guardian, in person.

Daniels, J.:

The petition by which application was made for leave to sell the infant's land contained the statement that, as heir at law of Lewis Jackson, she was entitled to an undivided one-half part of the land in fee, subject to the right of dower of his widow, which it was proposed by the proceedings to sell. And the referee, to whom the reference was made to ascertain the truth of the petition, found and reported that to be the interest of the infant in the land. This was equivalent to a representation to whoever might become the purchaser in the proceedings, that the interest proposed to be sold was an undivided half of the land subject to the widow's estate in dower. The object of requiring the statement of the interest of the infant, and in part that of the reference, is to have

it known and judicially ascertained, what it is which may be offered for sale and sold in the proceeding. The practice does not contemplate the sale of an undefined estate, consisting merely of the right and interest of the infant in the land, whatever that may in the end turn out to be. But of an alleged and ascertained interest, as accurately as that may be practical, from the averments and description of the petition, and the proofs taken upon the reference. And the sale is finally made of the estate, as all the title and interest of the infant in the land, with the understanding that it has been correctly ascertained in the proceeding. Upon that basis the guardian contracts to sell, and the buyer agrees to purchase. If the estate turns out to be materially different, the representation contained in the proceeding proves to be untrue, and the case of a mutual mistake of fact is presented.

That was the manner in which the purchase in the present instance was made. Both the guardian and the purchaser treated for it as the interest described in the petition, and mentioned in the report of the referee. And the price paid was graduated and controlled by that statement of the estate to be sold. Both parties assumed the fact to be as the petition averred it, and the referee reported it, and acted upon the truth of that supposition. But that afterward appeared to be a mistake. Another claimant appeared in the person of Georgianna S. Jones, as one of the heirs of Lewis Jackson, who, in an action for the recovery of the possession of her interest in the land, established her right against the grantee of the purchaser, under the proceedings taken for leave to sell the land, to an estate of an equal undivided third of it. And that reduced the interest from an undivided one-half to an undivided one-third, which was sold and conveyed in those proceedings. For the purchase-money paid for the difference between those interests the purchaser received nothing, and for that reason, and because it was believed, at the time of the sale, that the interest was truly described as an undivided half, he made his application for compensation from the purchase-price paid by him, which still remains in and under the control of the court.

This was resisted by the guardian, and finally denied, for the reason that the interest sold and conveyed was simply the right and title of the infant in the land. But, while that was the descrip-

tion which was given in the conveyance of the subject that was sold, it had still been preceded by the representation that the interest was an undivided half of the land, subject to an estate in dower. And it was that interest which the guardian was directed to sell and convey, and that the purchaser designed to pay for and acquire. For all the purposes of the contract and the deed, that was the right, title and interest of the infant in the land, and what was intended to be understood in the use of those terms; and, by means of that understanding, the purchaser was induced to pay one-third more, by way of purchase-price, than would otherwise have been required from him upon an accurate knowledge of the true state of the title. That resulted from a misrepresentation of the extent of the interest of the infant, concerning which the parties were involved in a mutual, as well as a material mistake. And that, under the well settled principles of courts of equity, entitled the purchaser to redress, so far as he had received nothing for the purchase-money paid by him. " The general rule is, that an act done, or contract made, under a mistake, or ignorance of a material fact, is voidable and relievable in equity." And if one of the parties " innocently misrepresents a material fact, by mistake, it is equally conclusive, for it operates as a surprise and imposition upon the other party." (1 Story's Eq. Jur. [11th ed.], §§ 140, 147, 193, 944, and cases cited.) These rules are quite well settled, and the applicant presented a case entitling him to the benefit of them. In *Cann* v. *Cann* (3 Simons, 447), such relief was given to a purchaser of property under proceedings of the Court of Chancery. And the same thing was done in the case of *Cooper* v. *Cooper* (4 Irish Ch., 75). The case of *Raynor* v. *Selmes* (52 N. Y., 579), also supports the same conclusion. Upon the referee's report, there was no dispute as to the amount which should be returned to the purchaser if he was entitled to reimbursement for the partial failure of his title. That he was so entitled is reasonably free from doubt, upon the facts shown in support of his application. And if he cannot secure such redress in this proceeding he will be deprived of all remedy, because no action for that purpose can be maintained on any thing contained in the deed. The order made should be reversed, and an order entered confirming the referee's report; and directing the amount found to be equitably due to the purchaser to

be reimbursed to him, with interest, but, under the circumstances of the case, without costs.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed; referee's report confirmed, but without costs.